SEARLS *v.* BOUTON and others.

*(Circuit Court, S. D. New York.   June 22, 1882.)*

PATENTS FOR INVENTIONS—REISSUE—ENLARGEMENT OF CLAIM.

Where the original patent was for a whip-socket having a bell-shaped top, and appears to cover no whip-sockets not having such a shaped top, a reissue for such whip-sockets generally, without any limitation to that form of top, is to that extent enlarged; within the principles of *Miller* v. *Bridgeport Brass Co.* 21 O. G. 201, and *James* v. *Campbell*, Id. 337.

In Equity.   On Rehearing.

*J. P. Fitch*, for orator.

*N. Davenport*, for defendant.

WHEELER, D. J.   This cause has now been further heard as to the validity of the reissued patent involved therein, No. 9,279, dated July 13, 1880, the original of which was dated April 28, 1874, for an improvement in whip-sockets, as affected by the original patent now in evidence.   The only question is whether the original will sustain the reissue.

It is argued for the orator that the only form of this question raised by the answer is whether the reissue is for the same invention as that described in the original, and that no question of laches can properly be considered, because no delay is alleged.   Without considering whether it is necessary to set that defence up separately in the answer, in order to raise that question, it is sufficient now to notice that in this answer it is alleged that the original patent was not surrendered because it was invalid or inoperative by reason of claiming too much, and that in the reissue the claims have been broadened so as to cover more than the orator had the right to claim as new.   This seems to sufficiently put in issue the propriety and lawfulness of the enlargement of the claims, and the scope of the patent at the time, and in the manner in which it was done.   The original patent was for a whip-socket having a bell-shaped top, and a rubber disk for steadying the whip, fitting into an inner groove, near the top, in the

bell-shaped part, and appears to cover no whip-sockets not having such a shaped top. The reissue is for such whip-sockets generally, without any limitation to that form of top. The patent is to that extent, and perhaps in some other particulars, enlarged in the reissue. That brings this case within the principles of *Miller* v. *Bridgeport Brass Co.* 21 O. G. 201, and *James* v. *Campbell*, Id. 337, as now understood.

Let the decree heretofore ordered be so modified as to dismiss the bill as to this patent.

See *ante*, 625, and note, 626.